**E-FILED**
Thursday, 25 August, 2016  06:31:07 PM
Clerk, U.S. District Court, ILCD

# pka

LAW OFFICES

# PICCIONE KEELEY & ASSOCIATES, LTD.

COUNTY FARM PROFESSIONAL PARK
122C SOUTH COUNTY FARM ROAD
WHEATON, ILLINOIS 60187-4523

TELEPHONE: 630/653-8000
TELECOPIER: 630/653-8029
EMAIL: info@pkalaw.com
WEBSITE: http://piccionekeeley.com

**Respond to: Wheaton Office**

JOHN J. PICCIONE, Retired
PATRICK C. KEELEY
THOMAS A. JACKSON
————
LYNN R. CONRAD
MARK W. TADER
ALISON S. FRANKLIN*
JASON T. SINGLETON
DAVID A. JOHNSON, JR. **
NICOLE L. SIMMONS

ONE SOUTH DEARBORN CENTER
SUITE 2100
CHICAGO, ILLINOIS 60603

TELEPHONE: 312/698-3879
TELECOPIER: 312/344-3753
EMAIL: info@pkalaw.com
WEBSITE: http://piccionekeeley.com
*LICENSED IN: IL, FL & D.C.
**LICENSED IN: IL & WI

August 25, 2016

**<u>Via ECF and U.S. Mail</u>**
Honorable Eric I. Long
U.S. Magistrate Judge
UNITED STATES DISTRICT COURT
Central District of Illinois
318 U.S. Courthouse
201 South Vine Street
Urbana, Illinois 61802

Re:   ***Dutch Valley Growers, Inc. v. John Rietveld, et al.***
U.S. District Court No. 2:16-cv-02085

Dear Judge Long:

Please accept this correspondence as a status update regarding the outstanding written discovery issues remaining between the parties concerning Plaintiffs' written discovery to Defendants, which were discussed at the telephonic Discovery Status Conference before your Honor on August 11, 2016.

Since our status conference two weeks ago, Defendants have not responded to our communications attempting to resolve the following two issues:

1.   **Company Financial Information/Confidentiality Order**:   Defendants initially objected to producing responsive material, particularly documents because they claimed that certain responsive material would provide Plaintiffs a competitive advantage, which they did not want Plaintiffs to view. Plaintiffs responded (see the August 2, 2016 correspondence – ***Exhibit E)*** stating that this "objection" was untimely and unreasonable as the information requested relates to Plaintiffs' claims that Defendants misappropriated Plaintiffs' financial and customer data to start a competing business and used Plaintiffs' trademarks to sell the exact same products to the same clients.  Prior to the August 11, 2016 status conference, Defendants agreed they would produce all responsive material in Plaintiffs' written discovery to which Defendants had previously objected on this basis.

The only outstanding issue is who should receive or view the responsive material. Defendants proposed that highly confidential information and documents (e.g., pricing and customer lists) should only be viewed by counsel for the parties (i.e., "Attorney Eyes Only"). However, undersigned counsel informed Defendants' counsel that the responsive material must be reviewed with Plaintiffs in order to adequately interpret and understand the sales information and prepare the case for trial. For instance, only Plaintiffs would be able to tell whether the financial information provided by Defendants previously existed as Plaintiffs' financial information or whether the pricing provided by Defendants to Plaintiffs' customers was adjusted based on Plaintiffs' pricing and so on. Plaintiffs have attempted to resolve this issue by proposing that any information marked "Highly Confidential" shall only be viewed by the parties at the respective offices of their counsel and the parties shall not take any copies or notes relating to such material. Plaintiffs' counsel made this proposal on August 11, 2016, and Plaintiffs' counsel sent a proposed Agreed Confidentiality Order to Defendants' counsel on August 17, 2016 pursuant to this conversation. (See *Exhibit A*, E-mail Correspondence and attached Proposed Agreed Confidentiality Order.) Defendants' counsel has not responded to the proposed draft, and this issue remains unresolved.

2.      **Defendants' Supplemental Discovery Responses**: Defendants' counsel agreed to supplement Defendants' deficient discovery responses as requested in my August 2, 2016 correspondence (*Exhibit E*) during a teleconference on August 11, 2016 prior to our telephonic Status Conference. However, Plaintiffs have not received any supplemental responses or any further communication from Defendants' counsel over the past two weeks.

The timeline relating to the Plaintiffs' outstanding written discovery is as follows:

- April 6, 2016: Plaintiff issued and served upon counsel for the Defendants/Counter-Plaintiffs Interrogatories and Request for the Production of Documents. No responses or objections were timely received. (*Exhibit B*, the certificate of service of Plaintiffs' Interrogatories and Requests for Production to Defendants.)

- June 24 and July 7, 2016: Plaintiffs' counsel issued correspondences seeking the outstanding responses after Defendants failed to respond to Plaintiffs' written discovery for nearly 3 months. (*Exhibit C*, Correspondences dated June 24, 2016 and July 7, 2016.)

- July 22, 2016: Defendants served answers and responses which were deficient and incomplete. (*Exhibit D*, Defendants' answers and responses to Plaintiffs' Interrogatories and Requests for Production to Defendants.)

- August 2, 2016: Plaintiffs issued correspondence outlining in detail the deficiencies of Defendants' discovery responses and sought supplemental responses on or before August 9, 2016. (*Exhibit E*, Correspondence dated

August 2, 2016.)

- August 11, 2016: Defendants' counsel agreed via telephone the deficient responses would be supplemented and that the Defendants' financial and sales information would be produced with a protective order.

- August 17, 2016: Plaintiffs' counsel issued correspondence attaching the proposed Agreed Confidentiality Order and requested the status of Defendants' supplemental responses. Defendants' counsel has not responded. (***Exhibit A***.)

- August 22, 2016: Plaintiffs' counsel issued further correspondence seeking the status of the above outlined issues and requested a reply by August 24, 2016. Defendants' counsel has not responded. (***Exhibit F***, E-mail Correspondence dated August 22, 2016.)

The Court set another Status Conference for Monday, August 29, 2016, but Defendants have not responded to resolve the above outstanding issues. Accordingly, Plaintiffs request the Court enter the Confidentiality Order proposed by Plaintiffs and an order compelling Defendants to fully respond to the outstanding written discovery requests within a date certain.

Thank you for your consideration in this matter.

Very truly yours,

PICCIONE, KEELEY & ASSOCIATES, LTD.

Thomas A. Jackson

Enclosures
CC:    Christopher Bohlen

*J:\LIT\DutchValleyGrowers\Letters\20160824 Status Correspondence to Court.docx*