UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

DUTCH VALLEY GROWERS, INC.,
an Illinois corporation, et al.,

    Plaintiffs/Counter-Defendants

v.

JOHN RIETVELD, et al.,

    Defendants/Counter-Plaintiffs.

Case No. 16-2085

**ORDER**

This case is before the Court on Defendant and Counter-Plaintiff Dutch Valley Partners, LLC's[1] ("Partners") Motion for Protective Order (#56). Plaintiff and Counter-Defendant Dutch Valley Growers[2] ("Growers") filed a Response to Defendants' Motion for Protective Order (#58). For the reasons set out below, Defendants' Motion for Protective Order (#56) is DENIED.

**I.**     **Background**

The factual background of this case is taken from the memorandums submitted by both parties in conjunction with the instant Motion. The parties to this litigation began as shareholders of an Agricultural Cooperative known as Dutch Valley Growers ("Growers"), Plaintiff and Counter-Defendant in this action. Growers existed for the purpose of growing and marketing onion sets. Defendant, Dutch Valley Partners ("Partners"), asserts that in 2006 the parties decided to diversify their business and sell products other than onion sets. The parties formed Partners for this specific reason.

Partners states that, in 2014, its members decided to separate Growers and Partners pursuant to a motion by Plaintiff James Paarlberg. Partners alleges that at this point Defendant

---

[1] The Defendants in this case are John Reitveld, individually, Dutch Valley Partners, LLC, an Illinois limited liability company, Dutch Valley Hybrids, LLC, an Illinois limited liability company, and Kathy Rosenberg, individually. For the purposes of this Motion, the Court will refer to Dutch Valley Partners as representing all Defendants unless otherwise noted.

[2] The Plaintiffs in this case are Dutch Valley Growers, Inc., an Illinois corporation, and James Paarlberg d/b/a Paarlberg Farms, an Indiana sole proprietorship. For the purposes of this Motion, the Court will refer to Dutch Valley Growers as representing all Plaintiffs unless otherwise noted.

John Reitveld became the owner of Partners and was no longer involved with Growers. According to Partners, Partners did not enter the onion set market until 2015. Partners also claims that Growers did not diversify their business outside of the onion set market until 2015, at which point Growers began selling products that competed directly with Partners. Thus, according to Partners, Growers has been in the non-onion set related products market for two years and therefore Partners' customers, sales, and income information would be extremely valuable to Growers.

Growers, however, asserts that Growers has sold products other than onion sets since the 1990s, including garlic and other crop seed and hybrid bulb products. According to Growers, it had been selling products other than onion sets for at least fifteen (15) years before Partners existed. Additionally, while Growers agrees that the decision was made to separate the two entities in 2014, Growers asserts that the decision was made because Defendants were failing to properly account for Growers' books. Growers points out that Defendants Rietveld and Rosenberg have no ownership interest in Growers, while Plaintiff Paarlberg Farms does have a 1/6 ownership interest in Partners to this day.

As Growers points out, the Complaint in this action largely centers around the allegations that Defendants Rietveld and Rosenberg misappropriated Growers' customer files, sales, information, and other financial information in June 2014 and, according to Growers, again in 2015. Growers alleges that Reitveld and Rosenberg misappropriated Growers' customers and sales information to compete directly with Growers, including Partners.

The instant Motion involves a discovery dispute between the parties. Growers has requested information relating to the sales, vendors, customers, and invoices of Partners, as well as several other pieces of financial and sales information directly related to the operation of Partners. Partners, in its Motion for Protective Order, states that the documents will be produced, but only if the documents are treated as "highly confidential and restricted to Attorneys Eyes Only." Growers, on the other hand, has proposed a less restrictive protective order and argues that Partners' protective order prevents any meaningful review of the contested documents and that counsel for Growers will need to review the information with Plaintiffs to properly interpret them.

**II.     Analysis**

Growers' Response first argues that the requested documents are relevant to Growers' alleged claims. It does not appear from Partners' Motion or supporting Memorandum that Partners disputes the relevance of these documents. See d/e # 56, p. 5 (stating "[t]he Defendants will produce those documents which exist in their possession, however, they are requesting that the documents be treated as highly confidential and restricted to 'Attorneys Eyes Only.'") Moreover, case law supports the production of the requested documents. See *Autotech Techs. L.P. v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 455 (N.D. Ill 2006) (stating that "[t]he authorities are clear that in most cases the question is not whether customer lists will be produced, but under what circumstances.")

The only question before the Court is whether the requested information should be produced with the designation of "Attorneys Eyes Only" or under a less restrictive protective order, such as the order proposed by Growers.  Rule 26(c) of the Federal Rules of Civil Procedure permits the district court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 739 (7th Cir. 2007). In deciding whether good cause exists to enter a protective order, the district court must balance the interests of the parties, taking into account the harm to the party seeking the protective order and the importance of the disclosure to the nonmoving party, while remembering that the burden is on the party seeking the protective order to show that good cause exists for its entry. *Gordon v. Countryside Nursing & Rehab. Ctr., LLC*, 2012 U.S. Dist. LEXIS 98085, at *4; *Autotech Techs. L.P.*, 235 F.R.D. at 440.

As already noted, the Complaint alleges that Defendants Reitveld and Rosenberg misappropriated Growers' information relating to its customer base and other financial and business information. As Growers points out, it is highly unlikely that counsel for Growers will be able ascertain whether any of the information produced by Partners formerly belonged to Growers without the assistance of Plaintiffs themselves. Only Plaintiffs, not counsel, would be able to tell whether the information produced by Partners previously existed as Growers' financial information. Therefore, designating the documents as "Attorneys Eyes Only" would effectively render that discovery meaningless.

Additionally, as noted by Growers, Plaintiff Paarlberg Farms, as a 1/6 owner of Partners is entitled to review the materials maintained by Partners requested in this discovery. See 805 ILCS 180, et seq. The Court is required to balance the potential harm to Partners against the importance of disclosure to Growers. *Gordon v. Countryside Nursing & Rehab. Ctr., LLC*, 2012 U.S. Dist. LEXIS at *4. The allegation by Growers that they have been in the same market as Partners since the 1990s, the ability of Paarlberg Farms to inspect the requested information pursuant to the Illinois Limited Liability Company Act, and the less restrictive protective order proposed by Growers shows that the harm to Partners is minimal. On the other hand, designating these documents as "Attorney's Eyes Only" essentially renders the production meaningless to Growers. As already noted, these documents are highly important to the central allegations of Growers' Complaint. Therefore, after balancing the competing interests, Partners has failed to carry its burden to show that a protective order designating the admittedly relevant documents as "Attorney's Eyes Only" is appropriate.

Finally, Growers has proposed a less restrictive, but seemingly adequate protective order to protect the requested information. Growers has proposed a protective order by which any documents marked "Highly Confidential" shall only be viewed by the parties at the respective lawyer offices and the parties shall not take any copies or notes relating to such material. Growers' proposed protective order would adequately protect both parties while, at the same time, allowing the parties to participate in a meaningful review of the requested information. Accordingly, the parties should submit to the Court a proposed protective order that adopts this procedure.

### III. Conclusion

Accordingly, Defendants' Motion for Protective Order (#56) is DENIED. To the extent that Plaintiffs ask that Defendants provide the information requested within fourteen (14) days, the Court denies the motion without a protective order in place. The parties are directed to submit an agreed protective order consistent with this Order within seven (7) days. Defendants are directed to respond to Plaintiffs' written discovery within fourteen (14) days from the entry of the protective order.

ENTERED this 17th day of October, 2016.

s/ERIC I. LONG<br>
UNITED STATES MAGISTRATE JUDGE