UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| DUTCH VALLEY GROWERS, INC., an Illinois corporation, and JAMES PAARLBERG d/b/a PAARLBERG FARMS, an Indiana sole proprietorship, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN RIETVELD, individually, DUTCH VALLEY PARTNERS, LLC, an Illinois limited liability company, DUTCH VALLEY HYBRIDS, LLC, an Illinois limited liability company, and KATHY ROSENBERG, individually, <br><br> Defendants. | Case No. 16-CV-2085 |

## AGREED CONFIDENTIALITY ORDER

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Agreed Confidentiality Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**IT IS HEREBY ORDERED:**

1. For purposes of this Order, Confidential Information shall mean information or data of any kind or description containing personal, proprietary, commercially valuable and/or competitively sensitive information which is produced by any party or third party, is confidential to the producing party in that it is not generally available to the public or third persons, and is designated in good faith by the producing party as

"Confidential." The following shall constitute Confidential Information for purposes of this Order:

    (a) Personal and/or business financial data, including without limitation, accounting documents or information; financial statements, including without limitation, pricing sheets, customer and/or supplier lists, product lists and sales, balance sheets, income statements of cash flow; and/or ledgers or check registers;

    (b) Documents produced in this action by any person with the word "CONFIDENTIAL" stamped thereon;

    (c) A bound or stapled set of documents produced in this action by any person with the word "CONFIDENTIAL" stamped on the first page shall suffice to deem the entire document as Confidential Information;

    (d) Testimony in this action which the parties designate in writing or on the record in a deposition or evidentiary hearing to make subject to this Order. Such written designation may occur within twenty-one (21) days after receipt of the transcript of the deposition or hearing by counsel. All transcripts described herein shall be deemed subject to the highest protection afforded by this Order until expiration of the twenty-one (21) day period after receipt by counsel of the transcript;

    (e) Documents or testimony in this action made subject to this Order by further Order of the Court;

    (f) Documents or testimony produced by any person other than the parties currently of record as a result of a subpoena or Court Order shall be considered "Confidential" under this Order for twenty-one (21) business days after their production by such third party and upon receipt of said documents by counsel for the receiving party. If no party to this Order designates such document or testimony as "Confidential" in writing by 9:00 a.m. (Central Time) of the twenty-second (22) business day after the production of such documents or testimony, such documents or testimony shall not be considered "Confidential" under this Order except to the extent otherwise stated herein or by further Order of this Court;

    (g) In the event that any third party which produces documents or testimony as a result of a subpoena or Court Order seeks to condition production upon designating certain information as "Confidential," such third party may make such a designation by providing written notice to the attorneys of record in this action at the time of production and stamping said documents "Confidential;" and

      (h)    Documents filed with the Court under seal.

2. All Confidential Information and/or documents produced by a party shall be used by the receiving party solely for the instant litigation, including, but not limited to, preparation, evidentiary hearings, trial and/or settlement of this action. Said Confidential Information and/or documents shall not be communicated or used for any other purpose whatsoever including, but not limited to, advertising, promotion, research, product development, process development, sales or marketing.

3. Except as expressly stated herein or by further Order of this Court, Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

      (a)    The attorneys of record in this action, and their legal assistants and staff members;

      (b)    The parties to this action;

      (c)    Non-parties, including deponents, for use in connection with this litigation only, and provided that such persons may only be shown copies of documents containing Confidential Information, or have information contained therein disclosed to them, but may not retain any such documents containing Confidential Information, and further provided that such persons comply with the acknowledgment procedures described in Paragraph 5;

      (d)    Independent consultants and/or experts retained by the parties to work on the action, provided that before any such consultant or expert is shown or receives any Confidential Information he must read a copy of this Order and agree to abide by same by executing an acknowledgement specifying that such person has read a copy of the Order and agrees to abide by same;

      (d)    Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of this action;

      (e)    Such persons as counsel for the parties may mutually consent to in writing or on the record prior to the proposed disclosure; and

      (f)    The Court and appropriate Court personnel.

4. In addition to the restrictions set forth above in Paragraph 3, a party producing documents may designate them as "Highly Confidential Information" if the producing party believes in good faith that the documents contain confidential material that would be detrimental to the business affairs of the producing party if that confidential material were disclosed to the principals and management of an opposing party, without further restriction as set forth herein. Highly Confidential Information may be disclosed to the principals and management of an opposing party only at the offices of that party's counsel, for visual inspection only. No copies shall be provided to principals or management of an opposing party of documents designated as Highly Confidential Information nor shall any principals or management of an opposing party be permitted to take notes, photos, or recordings of any Highly Confidential Information during visual inspection(s). Except as set forth in this paragraph, Highly Confidential Information shall otherwise be treated the same as Confidential Information for all other purposes.

5. In the event that the attorney for a party who receives Confidential Information from another party or from a third party believes in good faith that it is necessary, in order to prosecute or defend this action, to show such information to anyone other than those persons identified in Paragraph 3, then the following procedure shall apply:

    (a) The attorney for the receiving party shall contact the attorney for the producing party and identify the documents he or she believes is/are necessary to show other persons or entities;

    (b) The attorney for the producing party shall notify the attorney for the receiving party within seven (7) calendar days if he or she objects to disclosure of the information;

        0.1 If the attorney for the producing party does not object, then the attorney for the receiving party may show the information to the other persons or entities.

        0.2 If the attorney for the producing party objects, then the receiving party has five (5) business days to seek an order of Court. The Confidential Information may not be shown or disclosed to the other persons or entities before the Court rules on the motion, subject to subparagraph (d) below.

  (c) Prior to disclosure of Confidential Information to any other persons or entities, the receiving counsel shall advise such other persons or entities of the terms of this Order and shall procure from such person or entity a written agreement in the form attached hereto, by which such person or entity commits to keep such information confidential and not to use it for any purpose other than to assist counsel in this lawsuit.

  (d) This restriction shall not preclude counsel from discussing in general terms with other persons or entities what the evidence may or may not show, what the value of the case is, or what the possible range of damages are and similar matters necessary for counsel to satisfy their ethical professional obligations to their clients.

6. In the event that any Confidential Information obtained from another person is filed, included in, or referred to in any paper with the Court, counsel responsible for such filing shall notify the Clerk of Court at the time of filing that such paper contains Confidential Information protected by this Order, shall file the materials with the Clerk of the Court in a sealed envelope, follow the local court procedures for filings under seal and shall notify the other parties of the confidential nature of the filing. The Clerk shall keep Confidential Information under seal until further order of the Court; provided, however, that access to such Confidential Information shall be afforded to the Court and to counsel for the parties, and further provided that the parties comply with any orders relating to filing under seal which may be issued by this Court.

7. If, at any time of an evidentiary hearing or trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any Confidential Information, he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may take such steps, at the request of counsel for any of the parties or on its own initiative, as it deems necessary to preserve the confidentiality of such Confidential Information.

8. Within sixty (60) days after the final termination of the action, including all appeals, all Confidential Information, all copies of such Confidential Information and all excerpts therefrom shall be returned to the party producing it or destroyed.

9. The Order shall be without prejudice to the rights of any party to seek modifications to its provisions upon motion duly noticed and served. In addition, the designation of a document or information as Confidential Information under this Order does not constitute an admission by any party or a determination by the Court that the document or information so labeled is confidential as a matter of law or is otherwise entitled to confidential treatment, and any party may apply to the Court to remove the Confidential designation with respect to any document or testimony if the designating party refuses to remove said designation.

10. The provisions of the Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction over these parties and this matter for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

11. The following rights are expressly not waived by entry of this Order:

    (a) The failure by either party to designate materials as confidential at the time of production shall not constitute a waiver of its right to designate materials as confidential at a later time.

    (b) Nothing herein shall preclude any party from seeking from the court an order requiring broader disclosure than is permitted herein.

    (c) Nothing herein shall preclude any party from seeking additional protection under the Federal Rules of Civil Procedure and/or applicable local rules.

    (d) Nothing herein shall preclude the parties from mutually agreeing to any other procedures, or additional disclosure, as may be necessary.

    (e) Except as set forth in Paragraph 6, nothing in this Order shall restrict a party's right to offer any Confidential Information into evidence at any trial or hearing in this action. The foregoing is without prejudice to any party's right to move to modify this Order to provide additional protection as to Confidential Information used at trial or hearing.

    (f)    Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial or hearing.

    (g)    Agreeing to and/or designating or receiving Confidential Information, or otherwise complying with the terms of this Order, shall not:

        0.1    prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery; or

        0.2    prejudice in any way the rights of any party to seek a determination by the Court:

            (i)    Whether particular discovery materials should be produced; or

            (ii)    If produced, that such material is not confidential in nature or that such material should not be subject to the terms of this Order; or

        0.3    prejudice in any way the rights of any person to apply to the Court for further protection under this Order; or

        0.4    prejudice in any way the rights of any party to apply to the Court for the modification of this Order.

    (h)    Nothing contained in this Agreed Confidentiality Order shall preclude a person who has produced material it has designated as Confidential from using the material (or any information contained therein or derived therefrom) in any manner it sees fit, or from revealing such material to whomever it or he chooses, without prior consent of any other person or of this Court.

Dated: October 28th, 2016

                                          ENTERED by

                                          s/ERIC I. LONG
                                          Judge