IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DUTCH VALLEY GROWERS, INC., | ) | |
| an Illinois corporation, and | ) | |
| JAMES PAARLBERG, d/b/a | ) | |
| PAARLBERG FARMS, | ) | |
| an Indiana sole proprietorship | ) | |
|     Plaintiffs/ | ) | |
|     Counter-Defendants, | ) | |
| | ) | |
| vs. | ) | Case No. 16 CV 2085 |
| | ) | |
| JOHN RIETVELD, individually, | ) | |
| DUTCH VALLEY PARTNERS, LLC, | ) | |
| an Illinois limited liability company, | ) | |
| DUTCH VALLEY HYBRIDS, LLC, | ) | |
| an Illinois limited liability company, | ) | |
| and KATHY ROSENBERG, individually, | ) | |
|     Defendants/ | ) | |
|     Counter-Plaintiffs. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

The defendants, JOHN RIETVELD, individually, DUTCH VALLEY PARTNERS, LLC, an Illinois limited liability company, DUTCH VALLEY HYBRIDS, LLC, an Illinois limited liability company, and KATHY ROSENBERG, individually, come now, by and through their attorneys, BARMANN, BOHLEN & JACOBI, P.C. and respond to Plaintiff's Motion to Compel by stating as follows:

**INTRODUCTION**

This case arises from a claim by one of the owners of a company, Dutch Valley Growers, James Paarlberg, (hereinafter "Paarlberg") The claim arises as the result of motion at a board

meeting of Dutch Valley Growers and passed by the members of Dutch Valley Growers to divide up the businesses which then existed. That motion was to divest the business known as Dutch Valley Partners and transfer it to the defendant, John Rietveld, (hereinafter "Rietveld") At the time that the motion was made Dutch Valley Growers was in the business of raising and selling onion sets. Dutch Valley Partners had been created and was in the business of selling other agricultural products other than onion sets, including garlic, potato pots and similar agricultural products.

Prior to the transfer, Rietveld, who had originally been a member of Growers, was employed as the manager of Growers and was responsible for the sales and business records of Growers. When the transfer occurred the computers and computer programs, including Grower's Quick Books were transferred to Paarlberg. The computers which remained in the possession of Rietveld were "scrubbed" by an outside computer servicing company and the records of Dutch Valley Growers was removed from the computers of Dutch Valley Partners. In fact, the Quick Books program of the Growers was incompatible and could not be run on the computers of the Partners (Exhibit 1,2)

In addition, one set of the computer records was also provided to William Olthoff, who was then president of Growers. For a period of time, the physical computers were placed in the custody of Olthoff as well.

Approximately three months after the approval of the split of the businesses, Growers requested Rietveld to work for them for the remaining crop year as their sales person. One of computers which had not been scrubbed was used for the ongoing business and one computer

was reloaded with Growers Quickbooks records. The following April, 2015, Rietveld again transferred the Growers computers.

Prior to the litigation, any financial or business records belonging to Dutch Valley Growers were scrubbed from the computers used by the defendants.

However, there are records relating to Partners business which has been operated since the division. Further, the computers have been used by Rietveld and Partners for their personal use, their email correspondence to their attorneys, their personal records and other information that has no relevance of any kind to the litigation contained law suit.

During the course of discovery in this case, the plaintiffs have requested the plaintiffs to "Produce for imaging and inspection any and all computers, tablets cell phones, and electronic storage devices used by any defendant on behalf of Growers or Partners and or to sell products currently in any Defendant's possession." Exhibit 3, Request 57. 58

The defendants answered that they have no computers used by the defendants on behalf of Growers as all Growers information was deleted from the computers. They objected to producing the computers used by Partners.

In the meantime, the defendants, pursuant to this court's previous order, have provided lists of customers, summaries of the sales to each customer, profit and loss statements and check registers for Dutch Valley Partners, all of which were produced from the existing computers.

When asked to identify what additional information was being sought from the computers of Partners, the plaintiff's have only claimed that they believe that Dutch Valley

Growers programs remain on the computers of the Defendants, citing no evidence to support this claim. While the defendants have offered the plaintiff's computer expert, the ability to review the directories and programs on the computers of the defendants that offer was rejected by the plaintiffs. The defendants have refused to allow the plaintiff's the opportunity to image and copy the electronic equipment due to the fact that the request is seeking to obtain personal, private and privileged information and all information of any kind from the electronic records of Dutch Valley Partners and John Rietveld and Kathy Rosenberg, individually. The request is overbroad, seeks information which is irrelevant and is so intrusive as to invade every aspect of the lives of Rietveld, Rosenberg and Partners.

## ARGUMENT

The plaintiff in this case is seeking to invade the computers, tablets and cell phones of the defendants. They seek to image those computers, tablets and cell phones, without regard to the information contained thereon or the information which is relevant to this litigation. The issues raised by this motion involve the defendant's constitutional right to privacy, the relevance of the information requested and the proportionality of the need for the discovery going to the fundamental purpose of discovery itself.

At the outset, plaintiff's make certain claims regarding the computers which were returned to the plaintiffs. The plaintiffs first contend that the "server" was not returned. The reality is that there was never a server used. The defendants did, in fact, provide a computer which had Growers information on it and provided all of the back up electronics along with a network hub. They have no server nor have they ever had a server to return.

Further as is shown on attached Exhibit 2, the other computers discussed in the Motion to Compel and the claim of cloning is directly denied by the defendants. It did not happen. The efforts made, at the request of plaintiffs and agreed to by defendants, were to avoid this exact involvement with the plaintiffs. The plaintiffs requested and obtained a complete scrubbing and removal of all Dutch Valley Growers information from each and every computer possessed by the defendants and all but one of which was given to the plaintiffs at the time of the severance. The plaintiffs are seeking to image computers which they have in their own possession or from which all data has been removed.

I.      <u>The request is an invasion of the defendant's right to privacy</u>.

The defendants have a fundamental right to privacy as guaranteed by both the United States and Illinois Constitutions.   Discovery may be quite broad, but parties engaged in litigation doe not sacrifice all aspects of privacy or their proprietary information simply because of a lawsuit. *In re Miropex Products Liability Litigation* 246 F.R.D 668, 373 (D. Minn. 2007)

The defendants' right to privacy is protected by the Fourth Amendment to the United States Constitution. However, the Illinois Constitution provides its citizens a broader right to privacy. Article I, § 6 provides that the people shall have the right to be secure n their persons, houses, papers and other possessions against unreasonable searches, seizures, invasions or privacy, ***. The Illinois Supreme Court has emphasized that the Illinois constitution goes beyond federal constitutional guarantees by expressly recognizing a zone of personal privacy, and the protection of that privacy is stated broadly and without restrictions. *Kunkel v. Walton*

179 Ill. 2d 519, 537 (1997)

Obviously the rules of discovery allow for information to be obtained from opposing parties, however, that information is limited by two safeguards to assure the reasonableness of the process. The two safeguards are relevance and proportionality. *Carlson v. Jerousek*, 2016 IL App (2d) 151248 ¶ 35

II. <u>The plaintiffs have failed to identify any specific information being sought and therefore are engaged in a request that has no relevance.</u>

The requests proffered by the plaintiffs simply requires the production of computers and electronic devices for imaging. The requests do not identify what is being sought on the computers or electronic devices. There is no means by which the defendants can determine if the information sought has any relevance or other significance to the litigation before this court.

In their motion, the plaintiffs simply claim that because they alleged that the Dutch Valley Programs had been cloned, that the allegation was sufficient to justify the imaging. In fact, as is shown by the attached exhibits, there are no such programs on the computers of the defendants. The plaintiffs have full knowledge of these facts as they assured the removal of the programs, data and records on both occasions when computers were turned over to them or when computers were left with the defendants. The total control of the data, files and programs was with the plaintiffs and they have full knowledge that no such data was left on any computers in the possession of the defendants.

Because the request does not seek specific information, the request is improper and the defendants should not be compelled to provide that information requested.

III. The request fails to establish that the benefit of its production outweighs the burdens.

The concept of proportionality is a further issue to be considered in determination of the propriety of a discovery request. The proportionality balancing tests requires a court to consider both monetary and non-monetary factors in determining whether the likely burden or expense of the proposed discovery outweighs the likely benefit. The trial court has the power and responsibility to limit or deny discovery as necessary to prevent unreasonable embarrassment or oppression. *Carlson v. Jerousek*, 2016 IL App (2d) 151248 ¶ 40-41

One factor to be considered by a court is the extent to which the discovery sought represents a substantial invasion of the privacy interests of the responding party. *Johnson v. Nyack Hospital,* 169 F.R. D 550, 562 (S.D.N.Y. 1996)

The imaging of a party's computer raises signs and issues of privacy. Because of enormous storage capacity of most computers, the search of a computer and reveal a digital record of every aspect of a persons's life. Further the computer content can reveal individuals' private interests or concerns through browsing history, information about where the travel and people with whom they communicate and intimate details ranging from weight control efforts to banking and shopping records. *Riley v. California*, 134 S. Ct. 2473 , 2490 (2014) The proportionality factor must consider these issues.

While the case law is sparse regarding the forensic imaging of opponents computers, the court in *Carlson,* supra. has given much consideration to the issue. There the court suggested that once the objection is made to the imaging request, the requesting party should then meet a burden of showing that there is a compelling need for the information, that the information is not available form other sources and the request is the least intrusive means to obtain the information.

As the court in *Carlson* noted, the request for forensic imaging runs counter to the traditional protocol for discovery in which one party requests specific information and the other party searches its own files and computers to produce responsive information. There is no provision to allow the requesting party to conduct is own search of the responding party's files – regardless of whether those files are physical or electronic. As was stated in *In re Ford Motor Co.* , 345 F. 3d 1315, 1317 (11th Cir 2003), "Rule 34 (a) does not. give the requesting party the right to conduct the actual search"

Where the specific information sought is not clearly identified and the burden to the respondents privacy is significant, the request fails to meet the relevance and proportionality. *Carlson,* supra at ¶ 59

In this case the plaintiffs have failed to justify the intrusion into the computers of the defendants. The defendants have provided direct proof that the allegations used to support the request are contrary to the facts of the case and the very conduct of the plaintiffs themselves.

WHEREFORE, defendants request this court deny the Motion to Compel.

Respectfully submitted,

JOHN RIETVELD, individually, DUTCH VALLEY PARTNERS, LLC, an Illinois limited liability company, DUTCH VALLEY HYBRIDS, LLC, an Illinois limited liability company, and KATHY ROSENBERG, individually, defendants/counter-plaintiffs,

By: /s/ Christopher W. Bohlen
    Their Attorneys

CHRISTOPHER W. BOHLEN
BARMANN, BOHLEN & JACOBI, P.C.
200 East Court Street - Suite 602
Kankakee, Illinois 60901
T: (815)939-1133
F: (815)939-0994
Attorney Reg. No. 00244945
bohlen@kankakeelaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 19, I served the attached document by emailing said document pursuant to the electronic filing system of the United States District Court, Central District of Illinois.

Patrick C. Keeley
Piccione, Keeley & Associates, Ltd.
122C South County Farm Road
Wheaton, Illinois 60187
pkeeley@pklaw.com

      BY:  /s/Christoper W. Bohlen
      Christopher W. Bohlen
      Barmann, Bohlen & Jacobi,  P.C.
      200 East Court Street - Suite 602
      Kankakee, IL 60901
      T: (815)939-1133
      F: (815)939-0994
      Attorney Reg. No. 00244945
      bohlen@kankakeelaw.com
      Attorneys for defendants