UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **DUTCH VALLEY GROWERS INC. et al.,** | |
| Plaintiffs, | |
| v. | Case No. 16-2085 |
| **JOHN RIETVELD et al.,** | |
| Defendants. | |

### ORDER

This case is before the Court on the Motion to Compel Inspection and Answers to Discovery and Other Relief (#67) filed by Plaintiffs/Counter-Defendants Dutch Valley Growers, Inc. ("Growers") and James Paarlberg, individually and d/b/a Paarlberg Farms ("Paarlberg") (collectively "Plaintiffs"). Defendants/Counter-Plaintiffs John Rietveld ("Rietveld"), Dutch Valley Partners, LLC ("Partners"), Dutch Valley Hybrids, LLC, and Kathy Rosenberg ("Rosenberg") (collectively "Defendants") filed their Response to Plaintiff's Motion to Compel (#70). For the reasons discussed below, Plaintiff's Motion to Compel Inspection and Answers to Discovery and Other Relief is GRANTED in part and DENIED in part.

I.      Background

Growers is an Illinois corporation formed in 1933 by a group of farming families who grew onion sets to sell to retailers and wholesalers. Rietveld was employed by Growers from 2001 through mid-2014. Rosenberg was employed by Growers from approximately 1994 through mid-2014. Rietveld and Rosenberg are siblings.

In February 2006, the active shareholders in Growers made the decision to create Partners to sell farm products other than onion sets as a way of assuring that the inactive shareholders in Growers would not share in the profits from this separate business. In February 2006, Paarlberg, Rietveld, and Rosenberg, among others, signed

an "Operating Agreement of Dutch Valley Partners, L.L.C., an Illinois Limited Liability Company" ("Operating Agreement"). Pursuant to Article IX, Section 9.6 of the Operating Agreement, a member is prohibited from competing with Partners for a period of two years after the member withdraws from the company. Partners continued as formed until 2014, at which time a number of shareholders of Growers, including Paarlberg, decided to terminate the sale of products other than onion sets, while Rietveld and Rosenberg desired to continue in the sale of these products. To effectuate this change, Paarlberg made a motion at a corporate meeting of Growers that Rietveld will own Partners, and the motion passed. Rietveld then began the separate operation of Partners, and Paarlberg terminated his interests in Partners.

Plaintiffs' Complaint alleges that after the split Rietveld and Rosenberg misappropriated Growers' property, including Growers' name, trademarks, confidential business information and trade secrets. The Complaint specifically alleges that Defendants are "selling identical competing farm products as those sold by Growers to customers, including without limitation, customers of Growers, using Growers' trademarks, information, assets, and goodwill." (Plaintiffs' Complaint, #1, ¶ 2.)

The instant Motion to Compel involves a dispute over several computers currently in Defendants' possession. The dispute stems, at least in part, from earlier in the litigation where Defendants sought a protective order that would allow Defendants to produce documents, but restrict them to "Attorneys Eyes Only." These documents included information relating to the sales, vendors, customers, and invoices of Partners, as well as several other pieces of financial and sales information directly related to the operation of Partners. The Court denied Defendants' protective order, directed the parties to submit an agreed less restrictive protective order, and gave Defendants 14 days to respond to Plaintiffs' written discovery after the entry of the protective order.

Plaintiffs' current Motion argues that Defendants are improperly preventing Plaintiffs from imaging and inspecting Defendants' relevant computers, which,

according to Plaintiffs, contained Growers information that Defendants were using in their operation of Partners.

## II.     Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." FED. R. CIV. P. 26(b)(1). The rule gives the district courts broad discretion in matters relating to discovery. *See Brown–Bey v. United States*, 720 F.2d 467, 470–71 (7th Cir.1983). "Once the relevancy of a particular category of electronically stored information has been confirmed, Rule 34 of the Federal Rules of Civil Procedure provides for the manner in which discovery of such information may take place." *Craig v. Landreth, Inc. v. Mazda Motor of America, Inc.*, 2009 WL 2245108. Under Rule 34, a party may serve a request on another party to permit the requesting party to "inspect, copy, test, or sample" electronically stored information in the responding party's possession, custody, or control. The 2006 Advisory Committee's Notes state that "[t]he addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances." FED. R. CIV. P. 34 Advisory Committee's Note. The Note further explains that "[c]ourts should guard against undue intrusiveness resulting from inspecting or testing such systems." *Id*.

## III.    Analysis

Plaintiffs' Motion references two requests (Requests 57 and 58) where Plaintiffs sought to image Defendants' computers and other electronic devices, as well as Defendants' responses:

> **57. Produce for imaging and inspection any and all computers, tablets, cell phones, and electronic storage devices used by any Defendant on behalf of Growers and/or to sell Products currently in any Defendant's possession.**
>
> RESPONSE: None.

> **58. Produce for imaging and inspection any and all computers, tablets, cell phones, and electronic storage devices used by any Defendant on behalf of Partners currently in any Defendant's possession.**
>
> RESPONSE: Dutch Valley Partners is solely owned by John Rietveld. All documents subsequent to 6/30/14 are confidential and proprietary. Such documents if produced will provide a competitive advantage to Plaintiffs and disadvantage to Defendants.
>
> 11/21/2016: Objection, overbroad and invasive (See Exhibits 3 and 10).

The Court held a telephone hearing on January 22, 2017, to clarify the specific computers and electronic devices at issue. During the hearing, the parties indicated that three computers are at issue, each of which the parties agree is still in Defendants' possession. The Court will refer to these three computers as: 1) the Rosenberg 2012 iMac; 2) the "old" iMac, used for mailing labels; and 3) the Rietveld iMac. Plaintiffs allege that the Rosenberg iMac was used while Rosenberg was employed by Growers. Plaintiffs further allege that the old iMac used for labels would likely have a saved contact list for printing mailing labels. Plaintiffs also claim that they have a screen shot from the third computer, the Rietveld iMac, showing that the computer contains Growers' information.

The parties agree that the Rosenberg 2012 iMac and the "old" iMac both at one time held information relevant to the case, specifically Growers' business information, including sales and financial information. However, Defendants argue that these computers were wiped of all Growers' information and that their own search of the computers revealed no Growers' information.

The parties dispute whether the Rietveld iMac ever contained Grower's information. Plaintiffs argue that Rietveld used the Rietveld iMac to backup Growers' computers on two separate occasions. Defendants deny this claim.

Under Rule 26(b)(1) discovery must be "proportional to the needs of the case." Defendants argue that imaging of the computers is not proportional to the needs of the case because it is outweighed by Defendants' privacy and confidentiality interests. The Northern District of Illinois recently considered a similar issue in *Hespe v. City of Chicago*, 2016 WL 7240754. In *Hespe*, the defendants wanted to inspect the plaintiff's computer and cell phone. The plaintiff refused, claiming that she had disclosed all relevant information, and the defendants filed a motion to compel. The Magistrate Judge issued a Report and Recommendation denying the defendants' motion to compel seeking access to the plaintiff's phone, citing the plaintiff's privacy and confidentiality interests. *Id.* at 2. On review, the District Court noted that while "mere suspicion" that an opposing party is withholding information is insufficient to permit an inspection, "when the requesting party is able to demonstrate that 'the responding party has failed in its obligation to search its records and produce the requested information,' an inspection of the responding party's electronic devices may be appropriate." *Id.* at 4 (citing *Midwest Feeders, Inc. v. Bank of Franklin,* No. 5:14CV78, 2016 WL 3945676, at 2 (S.D. Miss. 2016)). The court further noted that "courts may be somewhat less wary of requests to inspect electronic devices when there is a substantiated connection between the device the requesting party seeks to inspect and the claims in the case, or, as one court put it, where the 'contents of the [device] go to the heart of the case.'" *Id.*

The Court finds that this discovery is relevant and proportional to the needs of the case. The information sought by Plaintiffs goes to the heart of this case. Plaintiffs have more than a "mere suspicion" that these computers at one time held Grower's business information; both parties agree that this is the case. Indeed, the information once known to be on these computers goes to the central issue of this case: whether Rietveld and Rosenberg misappropriated Growers' property for the benefit of Partners. Although one party says the information remains on the computers and the other says it has been removed, that disagreement does not alter the outcome of the case. At one time, the computers contained data that goes to the heart of this case. Allowing the inspection of these computers permits Plaintiffs to determine whether Defendants kept

this information after the business separation or document the date on which the computer was "wiped." Moreover, the inspection will not cause Defendants any burden or expense, unless they hire an expert to participate in the inspection. In this instance, inspection of these computers far outweighs any burden or expense the proposed discovery might cause.

The Court therefore grants Plaintiffs' request to image the Rosenberg 2012 iMac and the "old" iMac, used for mailing labels.

Before granting Plaintiffs' request to image the Rietveld iMac, however, the Court directs Plaintiffs to supplement their Motion within seven days with the evidence that allegedly shows that this computer contained Growers' information. Once submitted, the Court will consider Plaintiff's request to image the Rietveld iMac following the same analysis discussed above.

The Court also recognizes Defendants' interest in protecting their privacy interests, and therefore certain safeguard measures are hereby adopted to prevent any "undue intrusiveness." The following safety measures shall be implemented:

1) Plaintiffs will designate an expert to image the computers.
2) Defendants may designate their own expert to oversee the imaging of the computers.
3) Plaintiffs' expert will provide Defendants a report of the imaging, including a listing of the information copied from the computers.
4) Defendants shall have seven days from receipt of the report to object to the disclosure of information on the basis of privilege, relevance, or privacy (other than what was previously addressed in the protective order), and must identify the basis of the objection with sufficient particularity to allow the Court to rule on the objection, if necessary.
5) Plaintiffs' expert, with Defendants' experts' participation, if applicable, shall remove all information included in Defendants' objection log from the imaged copy and produce the redacted image to Plaintiffs for inspection.

6) Plaintiffs' expert shall retain, without producing to Plaintiffs or their counsel, a full unredacted image until this litigation is terminated or further order of this Court, whichever occurs first.

7) Defendants' shall produce the objection log to Plaintiff at the time the redacted image is produced.

8) For any dispute relating to information that Defendants designate as privileged, irrelevant, or private, and is removed from the image produced to Plaintiff, the parties shall first meet and confer pursuant to Rule 37(a)(1). If the parties are unable to agree, then the Court will conduct a <u>limited</u> *in camera* inspection of the disputed information from the objection log.

## IV. Conclusion

For these reasons, Plaintiffs' Motion to Compel Inspection and Answers to Discovery and Other Relief (#67) is GRANTED in part and DENIED in part. Within seven days from the date of this Order, Defendants shall provide the Rosenberg iMac and "old" iMac to Plaintiffs' designated expert for imaging, consistent with the protocol outlined above.

Plaintiffs shall supplement their Motion with the evidence relating to the Rietveld iMac within seven days.

As part of its Response to Plaintiffs' Requests for Production of Documents, Defendants, within 14 days from the date of this Order, also shall certify the last known location of all other electronic devices identified in the Complaint.

Plaintiffs' request for attorneys' fees and costs in bringing this motion is DENIED.

However, the Court will entertain a motion for fees and costs if Defendants object to the production of ESI, as part of the protocol identified in this Order, in a manner that is inconsistent with this Order or the Court's October 17, 2016 Order. Moreover, the Court <u>will</u> allow fees and costs to Plaintiffs if Plaintiffs prevail on any *in camera* inspection of ESI, resulting from an unfounded objection by Defendants.

ENTERED this 24th day of January, 2017.

_____s/ERIC I. LONG_____
UNITED STATES MAGISTRATE JUDGE
